1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

ROBERT DEAN GRIFFIN, JR.,

7

Plaintiff,

v.

8

JAY INSLEE, ET AL.,

9

Defendants.

10

Case No. 3:17-cv-06069-RBL-TLF

REPORT AND
RECOMMENDATION

**Noted for: June 22, 2018**

11    This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C.

12  § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing

13  of an application to proceed *in forma pauperis* and proposed complaint. Dkt. 1, 2.

14    Plaintiff, an inmate at Washington State Penitentiary, has filed a prisoner civil rights

15  action under 42 U.S.C. § 1983 against defendants Governor Jay Inslee and 12 other individuals,

16  claiming they have violated his rights under the Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth,

17  and Fourteenth Amendments. Dkt. 1, pp. 9-27. He requests damages, a vacation of his judgment

18  of conviction, and other injunctive relief. Dkt. 1, p. 28.

19    The Court found Plaintiff's complaint to be deficient and ordered that he amend it or

20  otherwise show cause why it should not be dismissed. Dkt. 12. Plaintiff has done neither.

21  Instead, he has filed a response that does not cure the deficiencies in the complaint or explain

22  how it states a claim for relief. Dkt. 14. The complaint continues to be deficient for the reasons

23  set forth in the Court's prior order, Dkt. 12. Thus, Plaintiff has failed to state a claim upon which

24

25

REPORT AND RECOMMENDATION
- 1

1  relief can be granted. The undersigned recommends the action be dismissed without prejudice

2  and that Plaintiff's motion to proceed *in forma pauperis* be denied.

3  **DISCUSSION**

4       The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).

6  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails

7  to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant

8  who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). The fact that a prisoner pays

9  the filing fee is no barrier to a court, when dismissing the case as frivolous, directing that the

10 dismissal count as a strike under 28 U.S.C. § 1915(g). *Belanus v. Clark*, 796 F.3d 1021, 1028

11 (9th Cir. 2015).

12      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a

13 short and plain statement of the claim showing that the pleader is entitled to relief, in order to

14 give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

15 *Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). To

16 avoid dismissal for failure to state a claim, a plaintiff must include more than "naked assertions,"

17 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

18 *Twombly*, 550 U.S. at 555-557. A claim upon which the court can grant relief has facial

19 plausibility; a claim has "facial plausibility when the plaintiff pleads factual content that allows

20 the court to draw the reasonable inference that the defendant is liable for the misconduct

21 alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

22      Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff

23 must allege facts showing (1) the conduct about which he complains was committed by a person

24

25

REPORT AND RECOMMENDATION
- 2

acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation, or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff must repeat this process for each person he names as a defendant. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Here, Plaintiff appears to assert claims relating to improprieties at his sentencing hearing, prosecutorial misconduct including withholding and destruction of evidence, ineffective assistance of counsel, and improper proceedings before the Indeterminate Sentence Review Board. Dkt. 1.

In the Court's prior order, it advised Plaintiff that his proposed complaint fails to allege facts from which it may be inferred that any of the named defendants violated his constitutional rights. Dkt. 12. The Court informed Plaintiff that he must provide a "short and plain statement of

REPORT AND RECOMMENDATION
- 3

the claim," stating how specific acts or omissions by specific defendants caused violations of his constitutional rights. *Id.* It further informed Plaintiff that many of his claims are more appropriate for a habeas corpus petition under 28 U.S.C. § 2254 than a civil rights claim under § 1983, as they apparently relate to the validity of his conviction and sentence, not his conditions of confinement, and because Plaintiff's conviction or sentence has not been reversed, expunged, invalidated, or impugned. Dkt. 12 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).

Finally, the Court informed Plaintiff that claims which accrued before September 22, 2014, are time-barred under the applicable statute of limitations. Dkt. 12 (citing *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2)). It noted that many of Plaintiff's claims appear to be untimely, as they depend entirely on events that occurred between 2003 and 2005, Dkt. 1, pp. 9-22, or on events that occurred in 2012, Dkt. 1, pp. 22-25. It advised Plaintiff that he must show cause why these claims should not be dismissed. Dkt. 12.

Plaintiff's response to the Court's order does not address any of these deficiencies. Dkt. 14. Instead, Plaintiff again appears to assert that various proceedings in state court violated Plaintiff's right to due process. Plaintiff does not address any of the deficiencies this Court identified in the Order to Show Cause or Amend the Complaint: The response contains no factual allegations that, if true, would support a finding that any of Plaintiff's constitutional rights were violated. It names only one defendant, Governor Inslee, and it does not explain how he personally caused a deprivation of Plaintiff's rights. And it does not explain whether and how Plaintiff's claims are timely given the three-year statute of limitations.

REPORT AND RECOMMENDATION
- 4

Plaintiff was properly advised of the deficiencies in his original complaint. He was given ample opportunity to show cause or submit an amended complaint. He did not do so. The response he filed was not responsive to the Court's Order and was not an amended complaint.

**CONCLUSION**

Mr. Griffin alleges violations of his Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights but fails to allege any facts or a cognizable theory that would support these claims. Because Plaintiff has not alleged facts stating how any defendant violated any constitutional right, Plaintiff has not brought a claim for which relief can be granted. Furthermore, given the nature of Plaintiff's claims, amendment here would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The undersigned recommends dismissing the action without prejudice and denying Plaintiff's motion to proceed *in forma pauperis*, Dkt. 1, 2.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 22, 2018** as noted in the caption.

REPORT AND RECOMMENDATION
- 5

1    Dated this 4th day of June, 2018.

2

3

4    _Theresa L. Fricke_

    Theresa L. Fricke
5    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION
- 6